# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 17-11721-smb |
| | ) | |
| RAFAEL LOZADA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RAFAEL LOZADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No._____ |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, NAVIENT | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Rafael Lozada, the debtor in the above-referenced bankruptcy case and plaintiff in this adversary proceeding ("Plaintiff"), pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6), complains of the Defendants, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## THE PARTIES

4. Plaintiff is an individual residing at 1120 Throggmorton Avenue, Bronx, New York 10465.

5. Defendant United States Department of Education is a federal agency headquartered at 400 Maryland Avenue, SW, Washington, DC 20202 which originates and insures educational loans.

6. Defendant Navient provides Federal Family Education Loan Program ("FFELP") loans and servicing for FFELP loan portfolios; and servicing and asset recovery services for loans on behalf of guarantors of FFELP loans, guaranty agencies, higher education institutions, the United States Department of Education, and other federal clients, as well as states, courts, and municipalities. Navient also acquires, finances, and services private education loans. Defendant Navient is a Delaware corporation with principal executive offices at 123 Justison Street, Wilmington, Delaware 19801.

## FACTS

7. Plaintiff was raised by a single mother in the Mott Haven section of the South Bronx. It was and continues to be the poorest congressional district in the nation. After his mother, a factory worker, became disabled and unable to work, Plaintiff dropped out of high school in order to support himself. Plaintiff eventually obtained a GED.

8. Plaintiff began his postsecondary education in 1970 at Hostos Community College. After getting married in 1971, he left school and obtained full-time employment to support his new family. Plaintiff continued to pursue his education and enrolled at S.U.N.Y. at Old Westbury. He later enrolled in the evening program at The City College of New York in 1980, where he earned a Bachelor of Arts degree in 1984. Plaintiff financed his own undergraduate education.

9. In pursuit of a career that would allow him to better provide for his family and give back to his community, Plaintiff applied to law school. He was accepted and enrolled at Brooklyn Law School where he earned a Juris

Doctor degree in 1989. Plaintiff financed his law school education with student debt held or serviced by the Defendants in this adversary proceeding.

10. After completing his studies, Plaintiff failed the bar exam. Unable to practice law, he continued in his position as an Education Officer with the New York City Department of Education, a position he held while in law school, earning an annual salary of $34,000. Plaintiff's annual salary eventually increased to $55,000.

11. Despite not being able to practice law, Plaintiff began making payments on his student loans as soon as they first became due in 1990.

12. In 1994, Plaintiff was laid off from the City due to budget cuts and rendered unable to make payments. He was granted deferments on his student loan payments.

13. In 1996, Plaintiff began working for as Food Pantry Coordinator at Word of Life ministries, a nonprofit organization, earning an annual salary of $15,000. Plaintiff sought to make payments on his student loans that were in line with his current income but that was not an available option. Instead, Plaintiff was given more deferments.

14. The student loans were later consolidated and Plaintiff made monthly payments of approximately $1,730 on the loans from 2008 – 2013, when he was employed as a Deputy Director Community Programs at East Side House (2008 -2010) and later as the Area Director for Prison Fellowship Ministries, a ministry to convicts and their families (2011 -2014).

15. Plaintiff was laid off in 2014. He diligently sought employment for over a year but faced significant challenges due to his age and being "overqualified" because of his law degree, his efforts were fruitless.

16. In an effort to generate income and improve his community, Plaintiff later opened a day care business with his wife but the business failed, which resulted in the need to file for bankruptcy.

17. On June 20, 2017 ("Petition Date"), Plaintiff filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code.

18. Plaintiff allegedly owes the Defendants approximately $310,411, plus accrued interest ("Student Loan Debts").

19. It is believed that the monthly payment for the Student Loan Debts is $2800.

20. Plaintiff is currently retired and living on Social Security income.

21. Plaintiff's sole source of income derives from his Social Security benefit.

22. Plaintiff's monthly benefit amount is $1,219.00.

23. Plaintiff is 66 years old. He lives with his wife, a retired school teacher.

24. Plaintiff is suffering from several medical conditions that prevent him from reentering the workforce including diabetes, rotator tears in both shoulders, herniated disk in lower spine, and irritable bowel syndrome. Plaintiff receives physical therapy 2-3 times per week and may require surgery. Plaintiff's wife also suffers from ailments that require weekly doctor visits.

25. Plaintiff's monthly household income is not sufficient to cover his household expenses.

26. Plaintiff lacks sufficient present and future income to meet necessary expenses and repay the Student Loan Debts.

27. Plaintiff cannot further reduce expenses to cure his inability to pay the Student Loan Debts.

28. Plaintiff lacks assets that can be liquidated to repay the Student Loan Debts.

## CLAIM FOR RELIEF

## UNDUE HARDSHIP

29. Plaintiff seeks relief under 11 U.S.C. 523(a)(8) stating that excepting the Student Loan Debts from discharge imposes an undue hardship.

30. Excepting student loan debt from discharge imposes an undue hardship if a debtor can demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

31. The Plaintiff cannot, based on his current income and expenses, maintain a minimal standard of living for himself if forced to repay the Student Loan Debt. The monthly payment on the Student Loan Debt is $2,800. Plaintiff's currently has a negative monthly net income, without the student loan payment.

32. The Plaintiff's circumstances indicate that this state of affairs is likely to persist for a significant portion of the repayment period of the Student Loan Debt. Plaintiff is 66 years old, faces several health challenges and living solely on Social Security benefits.

33. The Plaintiff has made good faith efforts to repay his loans. Plaintiff made monthly payments on the loans for several years, requesting deferments and forbearance when he was not able to make payments and has never defaulted on the loans, even during periods of unemployment or underemployment.

34. The repayment of the Student Loan Debts would impose an undue hardship on Plaintiff.

35. Plaintiff has worked hard all his life, dedicated to serving the poor and underserved members of his community. Plaintiff made on-time payments on the loans for years. Plaintiff has been burdened with this debt his whole adult life. If forced to repay the student loans, Plaintiff is subject to spend the rest of his life under this crushing debt and denied the fresh start which the bankruptcy law is intended to provide. Accordingly, a judgment should be entered declaring the student loan debt dischargeable pursuant to §523(a)(8).

## ALTERNATIVE STANDARD

36. In the alternative, the *Brunner* Test has been superseded by subsequent changes to the Bankruptcy Code.

37. When *Brunner* was established in 1987, student loans were automatically dischargeable in bankruptcy, without the need to prove undue hardship if it had been more than five years since the loans first became due. Therefore, *Brunner* added a "good faith" element to 523(a)(8) for debtors attempting to discharge their loans before the five-year period.

38. Due to changes in the Bankruptcy Code, student loans became non-dischargeable absent an adversary proceeding to determine their dischargeability; therefore, the element of good faith under *Brunner* is no longer a necessary or needed protection against abuse, making a totality of the circumstances a more reasonable standard under the current Bankruptcy Code.

39. The totality of the circumstances test for undue hardship considers "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependents' reasonable necessary living expenses; and (3) other relevant facts and circumstances surrounding that particular bankruptcy case." *Andrews v. S. Dakota Student Loan Assistance Corp.* 661 F.2d 702, 704 (8th Cir. 1981).

40. Under the totality of the circumstances standard, considering Plaintiff's past, present and reasonably reliable future financial resources and his reasonable necessary living expenses, Plaintiff is unable to make payments on the Student Loan Debts and it would be an undue hardship for the Student Loan Debt to not be discharged.

**WHEREFORE**, Plaintiff, Rafael Lozada, seeks judgment declaring that repayment of the Student Loan Debts owed to the named Defendants pose an undue hardship and be deemed dischargeable pursuant to 11 U.S.C. § 523(a)(8) and grant such order and further relief as this Court may deem just and proper.

Dated: August 31, 2017  LAW OFFICE OF NATALIE JEAN-BAPTISTE, P.C.
Uniondale, New York

By: */s/ Natalie Jean-Baptiste*
Natalie Jean-Baptiste, Esq.

626 RXR Plaza, 6th Floor
Uniondale, NY 11556
(516) 522-2503 Telephone
(516) 706-8323 Facsimile
natalie.jeanbaptiste@gmail.com

*Attorney for Plaintiff*