**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey 07601
(201) 853-3030
(201) 584-0297 Facsimile
Attorneys for Educational Credit Management Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> RAFAEL LOZADA, <br><br> Debtor. | CASE NO. 17-11721-smb <br><br> Chapter 7 |
| RAFAEL LOZADA, <br><br> Plaintiff, <br><br> v. <br><br> EDUCATIONAL CREDIT MANAGEMENT CORPORATION, <br><br> Defendant. | ADV. PRO. NO. 17-01116-mkv |

## **DEFENDANT'S MOTION *IN LIMINE***

TO THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE

The motion *in limine* of Defendant, Educational Credit Management Corporation

("ECMC"), respectfully represents:

1. On July 25, 2018, ECMC and Plaintiff, Rafael Lozada ("Plaintiff"), submitted the

Joint Pretrial Order (Proposed), which includes, *inter alia*, a list of Plaintiff's pre-marked trial

Exhibits A through FF. By this motion *in limine*, ECMC objects to the admissibility of certain of Plaintiff's exhibits, as follows:

2. **Plaintiff's Exhibit K** – *Plaintiff's Current Monthly Expense Schedule as of July 2018*. This document is a "sample" Schedule J (Official Form 106J) for Plaintiff in a "hypothetical" bankruptcy case, with monthly expense amounts listed for certain categories. It is not signed or sworn to by Plaintiff, nor is there any indication of who prepared the document. Therefore, it is inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802. In addition, because it cannot be properly authenticated, Exhibit K should be excluded from evidence pursuant to Fed. R. Evid. 901.

3. **Plaintiff's Exhibit L** – *Plaintiff's Apartment Lease*. This document seemingly purports to be a partial, unsigned copy of Plaintiff's lease of his residential premises. It is therefore inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802. In addition, because it cannot be properly authenticated, it should be excluded from evidence pursuant to Fed. R. Evid. 901.

4. **Plaintiff's Exhibit N** – *Electric Bill Payment History*. This document appears to be a printout of a summary of payments purportedly made by Plaintiff for his monthly electric bill. This document is hearsay and should be excluded pursuant to Fed. R. Evid. 801 and 802. Moreover, because Exhibit N cannot be authenticated, it should be excluded from evidence pursuant to Fed. R. Evid. 901. In addition, because Exhibit N is merely a summary, it should be excluded from evidence unless Plaintiff can make the original supporting documents available for inspection and copying, pursuant Fed. R. Evid. 1006.

5. **Plaintiff's Exhibit T** – *Car Insurance Payment History*. This document appears to be a printout of a summary of payments purportedly made by Plaintiff for his monthly

automobile insurance policy. This document is hearsay and should be excluded pursuant to Fed. R. Evid. 801 and 802. Moreover, because Exhibit T cannot be authenticated, it should be excluded from evidence pursuant to Fed. R. Evid. 901. In addition, because Exhibit T is merely a summary, it should be excluded from evidence unless Plaintiff can make the original supporting documents available for inspection and copying, pursuant Fed. R. Evid. 1006.

6. **<u>Plaintiff's Exhibit U</u>** – *Local Housing and Utilities Standards 2018 Connecticut*. This document appears to be a copy of a table published on the website of the United States Department of Justice. It is irrelevant and should be excluded from evidence pursuant to Fed. R. Evid. 401.

7. The first prong of the *Brunner* test for an undue hardship discharge of student loans requires Plaintiff to demonstrate that he cannot maintain, based on current income, a minimal standard of living for himself and his dependents if forced to repay the student loan obligations. *Brunner vs. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). Stated otherwise, Plaintiff must show that if he were required to make his monthly student loan payments, his standard of living will "`fall below a minimal level.'" *Thoms v. Educ. Credit Mgmt. Corp. (In re Thoms)*, 257 B.R. 144, 148 (Bankr. S.D.N.Y. 2001). "To evaluate this element, the court must review current income and expenses considering the particular circumstances of the case." *Id.*

8. Plaintiff's proffer of Exhibit U is akin to arguing that the expenses allowable to him under the "means test" should be considered in determining whether he satisfies the first prong of the *Brunner* test. As one court noted, however, "[t]he IRS expense standards (and means testing methodology) may be helpful in providing the court with a frame of reference for evaluating the debtor's expenses, but they cannot be determinative on the question whether the

debtor[] is living at, below or above a minimal standard of living." *Miller v. Sallie Mae, Inc. (In re Miller)*, 409 B.R. 299, 320 (Bankr. E.D. Pa. 2009). *See also Albee v. U.S. Department of Education (In re Albee)*, 338 B.R. 407, 412 (in determining the dischargeability of a student loan debt, "the Court will not consider itself bound by the amounts shown in the IRS standards applicable to Debtor.").

9. Based on the foregoing, Plaintiff's Exhibit U should be excluded from evidence at trial pursuant to Fed. R. Evid. 401.

10. **Plaintiff's Exhibit V** – *Collection Financial Standards for Food Clothing and Other Items*. This document appears to be a copy of a table published on the website of the United States Department of Justice. Similar to Plaintiff's Exhibit U, *supra*, it is irrelevant to the determination of whether Plaintiff satisfies the first prong of the *Brunner* test, and should be excluded from evidence pursuant to Fed. R. Evid. 401.

11. **Plaintiff's Exhibit W** – *IRS Local Transportation Expense Standards Northeast Region*. This document appears to be a copy of a table published on the website of the United States Department of Justice. Similar to Plaintiff's Exhibits U and V, *supra*, it is irrelevant to the determination of whether Plaintiff satisfies the first prong of the *Brunner* test, and should be excluded from evidence pursuant to Fed. R. Evid. 401.

12. **Plaintiff's Exhibit X** – *Chapter 13 Means Test Calculations*. This document is a "sample" Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1) and Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2), collectively, for Plaintiff in a "hypothetical" bankruptcy case. It is not signed or sworn to by Plaintiff, nor is there any indication of who prepared the document. Therefore, it is inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802. In addition, because

it cannot be properly authenticated, it should be excluded from evidence pursuant to Fed. R. Evid. 901. Moreover, similar to Plaintiff's Exhibits U, V, and W, *supra*, it is irrelevant to the determination of whether Plaintiff satisfies the first prong of the *Brunner* test, and should be excluded from evidence pursuant to Fed. R. Evid. 401.

13. **Plaintiff's Exhibit Y** – *Results of Plaintiff's MRI Scan of the Lumbar Spine*. This document is an unsigned summary of Plaintiff's medical condition prepared by Stand-Up MRI of the Bronx, P.C. The "Report Date" is January 17, 2016. Assuming that is the date of treatment, this document is irrelevant, as it relates to an examination from more than two (2) years ago.

14. The second prong of the *Brunner* test for an undue hardship discharge of student loans requires Plaintiff to demonstrate that additional circumstances exist indicating that Plaintiff's state of affairs is likely to persist for a significant portion of the repayment period for the student loans. *Brunner vs. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). "An example of an additional circumstance impacting on the debtor's future earnings would be if the debtor experienced an illness, developed a disability, or became responsible for a large number of dependents after receiving the loan." *In re Thoms*, 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001). As courts have held, "a borrower seeking an `undue hardship' discharge must provide corroborative evidence that he had an impairment that prevents him from earning enough to repay his student loans, and that the impairment is likely to persist well into the future." *Norasteh v. Boston University (In re Norasteh)*, 311 B.R. 671, 678 (Bankr. S.D.N.Y. 2004).

15. Here, Plaintiff's Exhibit Y relates to a medical examination of more than two (2) years ago, which has no bearing on Plaintiff's current or future medical status. Accordingly, it should be excluded from evidence pursuant to Fed. R. Evid. 401.

16. **Plaintiff's Exhibit Z** – *Results of Plaintiff's MRI Scan of the Left Shoulder*. This document is an unsigned, undated summary of Plaintiff's medical condition prepared by University Diagnostic Medical Imaging, P.C. The "Service Date" is referred to as September 14, 2012. Assuming that is the date on which the author of the document examined Plaintiff, this document relates to an examination from almost six (6) years ago. Similar to Plaintiff's Exhibit Y, *supra*, this document has no relevancy to Plaintiff's current or future medical status and should be excluded from evidence pursuant to Fed. R. Evid. 401.

17. **Plaintiff's Exhibit AA** – *Results of Plaintiff's MRI Scan of the Right Shoulder*. This document is an unsigned, undated summary of Plaintiff's medical condition prepared by 3T Open Imaging of Westchester. The "Procedure Date" is referred to as April 15, 2017. Assuming that is the date on which the author of the document examined Plaintiff, this document relates to an examination of more than one (1) year ago. Similar to Plaintiff's Exhibits Y and Z, *supra*, this document has no relevancy to Plaintiff's current or future medical status and should be excluded from evidence pursuant to Fed. R. Evid. 401.

18. **Plaintiff's Exhibit BB** – *Plaintiff Prescription for Shoulder Physical Therapy*. This document is a summary of Plaintiff's medical condition prepared by Specialty Orthopaedics on July 17, 2017. Assuming that is the date on which the author of the document examined Plaintiff, this document relates to an examination of more than one (1) year ago. Similar to Plaintiff's Exhibits Y, Z, and AA, *supra*, this document has no relevancy to Plaintiff's current or future medical status and should be excluded from evidence pursuant to Fed. R. Evid. 401.

**WHEREFORE**, ECMC respectfully requests entry of an Order excluding the above-referenced exhibits from evidence at trial and for such other and further relief as this Court deems just and proper.

Dated: Hackensack, New Jersey
July 25, 2018

                                            LAW OFFICES OF KENNETH L. BAUM LLC
                                            Attorneys for Educational Credit Management Corporation

                                            By: */s/ Kenneth L. Baum*
                                                  Kenneth L. Baum
                                                  167 Main Street
                                                  Hackensack, New Jersey 07601
                                                  (201) 853-3030
                                                  (201) 584-0297 Facsimile
                                                  kbaum@kenbaumdebtsolutions.com